## J. E. LANGENDORFER *vs.* THE MORSE OIL COMPANY, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 12th—decided June 21st, 1932.

*Carl F. Anderson* and *Paul S. Maier,* with whom, on the brief, was *William M. Citron,* for the appellant (defendant).

*Don Cambria,* with whom, on the brief, was *Thomas Cambria,* for the appellee (plaintiff).

PER CURIAM. In this action the plaintiff sought to recover the price of certain articles claimed to have been sold to or for the benefit of the defendant. There were six sales, two in November and December, 1928, two in January, 1929, and two in March and May, 1929. The defendant was not incorporated until February, 1929. The trial court gave judgment for the plaintiff to recover the price of the last four sales with interest. The basis of the judgment was that the articles sold in January were purchased by the incorporators of the defendant for its use and benefit and the purchases were subsequently adopted by it, and that the articles sold in March and May were purchased directly by the defendant. A number of corrections are sought in the finding but most of them, if made, would not materially affect the plaintiff's right to recover. Making such corrections as are material

and justified by the evidence, it appears that the plaintiff had, previous to the sales in question, sold articles to the Anselling Insulation Corporation. In the fall of 1928 the organization of the defendant corporation was being discussed by Morse and Selnor, president and vice president, respectively, of the Anselling Corporation. This discussion was at the office of that corporation and when the defendant was organized by Morse, Selner and another (Maynard), for a time it occupied the same office as that corporation. The plaintiff knew of the plans to organize the defendant. He was doubtful of the credit of the Anselling Corporation and in a conversation with the three incorporators of the defendant was in effect told that it and not the Anselling Corporation was buying the goods. Upon the evidence the trial court was justified in concluding that the sales in January were made to the incorporators of the defendant on its own account and for its benefit. There is also evidence that the principal article sold at that time, a truck tank, was used by the defendant after its organization, and that certain hose and couplings sold the same month were for use with the tank, and the trial court might reasonably infer that these, too, were taken and used by the defendant. The other items sold in January were such as were used by the Anselling Corporation in its business and were delivered to the office which it and the defendant both occupied, but upon the evidence as a whole, particularly in view of certain correspondence between the parties at a later date, the trial court reasonably concluded that these articles also were taken and used by the defendant in its business. No question is made as to the reasonableness or good faith of the transactions nor is it claimed that the contracts were not within the corporate powers of the defendant. The trial court therefore committed no error in holding

the defendant liable for the articles sold in January. *Stanton* v. *New York & E. R. Co.*, 59 Conn. 272, 22 Atl. 300; *United German Silver Co.* v. *Bronson*, 92 Conn. 266, 270, 102 Atl. 647. The finding that the articles sold after the organization of the defendant were sold directly to it must stand and it was properly held liable for them.

There is no error.